**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 9, 2002**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40100
_____

DUDLEY FOUSSELL

            Plaintiff - Appellant

    v.

MALLARD BAY DRILLING, INC, LLC; ET AL

            Defendants

MALLARD BAY DRILLING, LLC;
PARKER DRILLING OFFSHORE USA, LLC;

            Defendants - Appellees

    v.

C&F OFFSHORE SERVICES, INCORPORATED

            Defendant - Appellee - Appellant

                --------------------
        Appeals from the United States District Court
        for the Southern District of Texas, Galveston
                USDC No. G-99-CV-399
                --------------------

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

    Plaintiff Dudley Foussell sued defendant Parker Drilling

Offshore USA, L.L.C. (Parker) for negligence under the Jones Act,

46 App. U.S.C. § 688 (Supp. 2001), and unseaworthiness of the

vessel on which he was employed, as well as for recovery of

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

unpaid maintenance and cure. Foussell also asserted a general maritime negligence claim against defendant C&F Offshore Services, Incorporated (C&F). Parker cross-claimed against C&F for indemnity with respect to Parker's payment of maintenance and cure to the plaintiff. After a bench trial, the district court determined that the accident that precipitated the suit was caused by the concurrent negligence of Foussell and Gary Reeves, an employee of C&F, and assessed comparative fault at seventy-five percent to Foussell and twenty-five percent to Reeves. The court found that no negligence or vessel unseaworthiness for which Parker was responsible contributed to cause Foussell's injuries. The court awarded damages against C&F, reduced seventy-five percent for Foussell's fault. The court also awarded Foussell certain maintenance and cure owed by Parker and allowed Parker recovery of maintenance and cure against C&F by way of indemnity.

On appeal, Foussell argues that the district court clearly erred in finding him negligent. Alternatively, he argues that the district court clearly erred in assessing his comparative fault at seventy-five percent. On brief and at oral argument, Foussell essentially reargued his view of the facts. But the evidence supports the district court's conclusion that he created a dangerous condition aboard the vessel that he captained by the unstable method that he chose to stow the pipe. Had we been the trier of fact, we might or might not have chosen to allocate seventy-five percent of the fault to Foussell, but there is simply no way for an appellate court to conclude that the

district court clearly erred in so doing.

Foussell also argues that the district court erred in finding the vessel seaworthy. He claims that because the vessel lacked side cleats and because of the relative size of the vessel and the pipe, he could not have taken the pipe aboard other than how he did. There was ample testimony, however, that there were safe (if not ideal) ways to stow the pipe, and the district court could certainly have correctly concluded (as it did) that any temporary unseaworthiness of the vessel resulted from the way that Foussell, the master of the vessel, chose to stow the pipe.

Foussell claims that the district court deprived him of a fair trial and was biased against him. We have reviewed the portions of the record that Foussell points to, and what we see is a very engaged and knowledgeable district judge doing her job well. There is no evidence of bias, and the trial was entirely fair.

Finally, the damage award was handled by the district court with the same care as the other aspects of the trial and we find no error.

The judgment of the district court is AFFIRMED.